## LINCOLN v. IRON COMPANY.

1. Where a municipal corporation, being thereunto authorized upon the performance of certain prerequisites, has issued its bonds, which get into circulation as commercial securities, — *Held,* that they are *prima facie* binding on the corporation according to the terms and conditions expressed on their face, and that, in an action on them, or the coupons thereto attached, the plaintiff need not aver such performance.
2. Want of such performance, when in any case available to defeat a recovery, must be set up by the corporation.
3. A verdict cures a defective statement of a title or cause of action.
4. A verdict in assumpsit, the plea being *non assumpsit,* "that the defendant is guilty in manner and form as alleged in the declaration," is amendable, and judgment may be rendered thereon for the damages thereby assessed.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

This was an action brought by the Cambria Iron Company against the township of Lincoln, a body corporate and politic, in the county of Berrien, created under the laws of Michigan. Judgment was rendered for the plaintiff, and the township sued out this writ of error.

The facts are fully stated in the opinion of the court.

*Mr. H. F. Severens* for the plaintiff in error.
*Mr. M. J. Smiley* for the defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The principal question raised in this case by the assignment of errors is as to the sufficiency of the first and second counts of the declaration. These counts are upon certain bonds alleged to have been made and executed by the township of Lincoln, in the county of Berrien, and State of Michigan, in

aid of a railroad company; and the objection made to them is that they do not aver that an election was held to authorize the issue of the bonds, as required by law, and do not aver various other prerequisites to such issue. The question is whether the omission to make these averments is error.

The law from which the authority of the township to issue bonds is derived was passed March 22, 1869, and was entitled "An Act to enable any township, city, or village to pledge its aid, by loan or donation, to any railroad company," &c.

The first section declared that it should be lawful for any township or city to pledge its aid to any railroad company chartered or organized under and by virtue of the laws of the State of Michigan, in the construction of its road, by loan or donation, with or without conditions, for such sum or sums not exceeding ten per cent of the assessed value of the property in such township or city, as a majority of its electors voting should, at a meeting called for that purpose, determine. The second section prescribed the manner of calling the election, and giving notice thereof. The third section directed the manner in which the elections should be conducted, and the recording of the proceedings on the records of the township or city. The fourth section authorized the issue of coupon bonds for the amount of aid voted, and prescribed the form of the bonds, and the manner of their execution; if issued by a township they were to be executed by the supervisor and township clerk, and under the seal of the township if it had one. Subsequent sections directed that the bonds when executed should be delivered to the State treasurer as trustee for the municipality and the railroad company; that the treasurer should record them in a book so as to show their amount, date, number, &c.; and that he should deliver them out to the railroad company whenever the company should present a certificate of the governor of the State that it had complied with the provisions of the act, and was entitled to the bonds; that upon delivering them he should indorse upon each bond the date of delivery, and notify the clerk of the township or city; and that the township or city should levy the necessary taxes to meet the interest and principal as they became due. The eleventh section provided that no bonds should be delivered to the railroad

company until it should have complied with the conditions voted, and completed its road through or into the township or city concerned, according as the charter required, and thence to its terminus or to some connecting line of railroad; or, if not touching such township or city, then that it should have completed its road through the adjoining municipality, or for a certain number of miles adjoining the nearest terminus.

The declaration, after referring to this statute, and stating the organization of the Chicago and Michigan Lake Shore Railroad Company under the laws of Michigan, having for its object the construction of a railroad from New Buffalo through and beyond the township of Lincoln, proceeds, in the first count, to aver that on the 1st of June, 1869, the township, acting under and in accordance with the authority conferred upon it by said act of the legislature, made a donation to said railroad company, and for that purpose made and executed four certain bonds, payable to the said company or bearer (describing them), which bonds were duly delivered to the company, as provided in the act; that the plaintiff (the Cambria Iron Company) on a certain day named, and before the maturity of the bonds, became and is now the owner, holder, and bearer of said bonds for value; and that the bonds are due and have not been paid. The second count describes four other bonds issued by the township under the authority given to it by the said act as a further donation to the said railroad company, and certain interest coupons attached to said bonds and payable to bearer, of which it is stated the plaintiff became the lawful owner and holder for value before maturity, and which have become due and have not been paid. The declaration contained also the common money counts. The defendant pleaded in abatement want of service of process; to which plea a demurrer was put in and sustained by default, for want of a joinder in demurrer. The defendant also pleaded the general issue, and gave notice of several special defences; as, that the Chicago and Michigan Lake Shore Railroad Company, and not the defendant, was owner of the bonds; that whatever of indebtedness was referred to in the declaration arose by reason of a vote of certain of the electors of the township to aid in the construction of the railroad of the Chicago and Michigan Lake Shore Railroad

Company; that the bonds in suit were delivered to said company in fraud of the township; and "that when said bonds and the coupons for interest were so delivered, the road-bed of said railroad was not completed; that through said township of Lincoln the culverts were not built, nor were the bridges done or completed, nor was said railroad fenced, nor were the ties laid down, nor was the iron laid thereon, nor had the road crossings been completed, nor the cattle-guards constructed."

The cause came on for trial, and the following is the record of the proceedings which subsequently took place: —

This cause having been called for trial, the following jury was called and sworn, to wit: [giving the names of the jurors], who sat together in the jury box and heard the evidence this day adduced, the arguments of counsel, and the charge of the court, and without leaving their seats say upon their oath that the defendant is guilty in manner and form as alleged in the declaration, and assess its damages at the sum of $6,273.32 over and above its costs and charges. It is therefore considered by the court that the said plaintiff do recover against the said defendant the said sum so assessed, together with its costs and charges to be taxed, and that it have execution therefor.

We think it very clear that after a verdict upon the issues presented by this record, the omission in the declaration to state the holding of the election and the occurrence of the other preliminary facts which the law required to precede the issuing of the bonds, cannot be regarded as error. It is a rule of the common law that where there is any defect or omission in a pleading, whether in substance or form, which would have been fatal on demurrer, yet, if the issue joined be such as necessarily required on the trial proof of the facts so defectively stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give the verdict, such defect or omission is cured. 1 Wms. Saund. 228. Or, as it has been tersely put, a verdict cures a defective statement of a title or cause of action, but not the statement of a defective title or cause of action. Id. 228 *c*, note. The declaration in this case states that the defendant, the township of Lincoln, acting under and in accordance with the authority conferred

by the act, made a certain donation to the railroad company, and for that purpose did make and execute the bonds in question ; that the bonds were afterward duly delivered to the company as provided in the act; and that the plaintiff before maturity became the owner thereof for value. The defendant denied all this, and also set up special defences, that the transfer was fraudulent, that the road was never built as required before the delivery of the bonds, &c. Now if the township could only make the donation alleged by way of an election duly held, it was the duty of the court below to require proof of this fact, as well as of the other facts necessarily involved in the issue as made, and it will be presumed that this was done. What proof was sufficient for this purpose it is not necessary to decide, as no exception was taken on that point.

But we do not think that there was any defect in the declaration to be cured. We think that it would have been good on demurrer. The township had authority by law to issue its bonds by way of donation to a railroad. It did issue its bonds. They got into circulation as commercial securities, and were purchased by the plaintiff. All the plaintiff had to do in case of non-payment was simply to sue on the bonds. If there was any defence to them by reason of want of performance of any of the requisites necessary to give them validity, or for any other cause, it was for the defendant to show it. A bond, especially a negotiable bond, is a *prima facie* obligation of the obligor, if he has capacity to make it; and is binding according to the terms and conditions apparent on its face until the contrary be shown. Whether an alleged defence, when set up, is or is not good against the particular holder, is to be determined by the court in each case. How far, as against a *bona fide* holder, the obligor may, in any case, go behind the obligation itself, for the purpose of showing a failure to pursue the law authorizing its issue, is not yet, perhaps, clearly determined. Here the defendant township had opportunity to set up any defence. It denied all the averments of the declaration, and also gave notice of the non-performance of certain conditions to be performed by the railroad company preliminary to the issue of the bonds. The verdict was against the defendant, and no erroneous rulings at the trial are complained of. We

think that the declaration and proceedings as exhibited by the record are not obnoxious to any just exception.

The form of the verdict is defective, it is true, finding "that the defendant is guilty in manner and form as alleged in the declaration;" but this is a mere clerical error properly amendable. It substantially finds the issue made by the pleadings. The declaration was in assumpsit; the plea was a general denial of the allegations of the declaration, equivalent to a plea of *non assumpsit*, with notice of special matter. The verdict in effect says that the defendant did promise and violate its promise, as alleged in the declaration.

We think there is no error in the record.

*Judgment affirmed.*