QUIRK, respondent, *v.* CLARK ET AL., appellants.

PLEADING. — *Whether a written instrument is well pleaded by attaching a copy to a complaint as an exhibit, and referring to it in the body of the complaint, not decided.* — In an action brought upon a written contract, a copy of the contract was attached to the complaint as an exhibit, and referred to in the complaint in the following words: "Plaintiff further alleges, upon information and belief, that on or about the sixth day of July, 1882, at Billings, aforesaid, one Timothy H. McCarthy entered into an agreement in writing with the defendants, as such copartners, under their firm name, a copy of which agreement is hereto annexed, and marked 'Exhibit A,' and is made and forms a part of this complaint. For further particulars of the contents thereof, reference is hereby made to the same." Defendants did not demur to the complaint, but answered to the merits. *Held,* that whether or not the contract was well pleaded by attaching it as an exhibit to the complaint, it is unnecessary to decide in the case at bar. But the court used the following language: "We can see no valid reason why it is not as good pleading when the instrument in writing, upon which the action is founded, is attached to the complaint as an exhibit, and made and referred to as a part thereof, as when it is set forth in the body of the complaint *in hæc verba.*

PLEADING. — *A demurrer must be filed to a complaint which refers to an exhibit, attached as a part thereof, in order to raise the point whether pleading by exhibit is admissible.* — In the case at bar, the ground of appeal was that the complaint did not support the judgment, *held,* that the appellants should have demurred to the complaint to enable the supreme court to pass upon the question of whether or not the agreement in writing was properly pleaded; and that the judgment will not be reversed on account of a mere technicality, presented the first time, that the contract was not pleaded as to its legal effect, or set forth in the body of the complaint *in hæc verba.*

*A complaint in which sufficient facts are pleaded, even though defectively, is good if not objected to before judgment.* — The assignment as error for the first time in the supreme court, that the allegations of the complaint are insufficient to support the judgment, cannot be sustained unless the facts set forth in the complaint, even if well stated, constitute no cause of action.

*Force of the finding of a referee.* — The finding of the referee in the case at bar stands in the place of a verdict of a jury.

*Appeal from District Court, Yellowstone County.*

JAMES R. GOSS and ANDREW F. BURLEIGH, for the appellants.

BRIEF OF ANDREW F. BURLEIGH.

Matters of substance which are necessary to be alleged in a complaint cannot be left out and the defects supplied

by reference to an exhibit attached to and made part of the complaint. 2 Estee's Pleading, 3d ed., sec. 3140; *Johnson* v. *Home Ins. Co.*, 6 Pac. Rep. 729 (*Los Angeles* v. *Signoret*, 50 Cal. 298, can be distinguished); *Laramie* v. *Wells*, 20 Ohio St. 13; *Watkins* v. *Brunt*, 53 Ind. 208; *Cairo and Fulton R. R. Co.* v. *Parks*, 32 Ark. 131; *Bowling* v. *McFarland*, 38 Mo. 463. The objection that a complaint does not state facts sufficient to constitute a cause of action is never waived, and may be made for the first time in the appellate court. Rev. Stats. Mont., sec. 86, p. 55; *Parker* v. *Bond*, 5 Mont. 12; *Territory* v. *Virginia City Railroad Co.*, 2 Mont. 100; *Foster* v. *Wilson*, 5 Mont. 57; *Anderson* v. *Hulme*, 5 Mont. 295.

O. F. GODDARD, and SANDERS, CULLEN, & SANDERS, for respondent.

There is nothing in the contract mentioned in the complaint which should be specially pleaded, except the price; and in such cases the general *indebitatus* counts contained in the complaint are sufficient; and if a special agreement has been performed so as to leave a mere simple debt or duty between the parties, there can be a recovery under a general count of *indebitatus assumpsit.* *Moffet* v. *Sacket*, 18 N. Y. 522; *Allen & Carpenter* v. *Patterson*, 7 N. Y. 476; *Halsey* v. *Black*, 28 N. Y. 438. If the complaint contains sufficient allegations on a common count, it is sufficient to sustain the judgment. *Crawford & Morrison* v. *Satterfield*, 27 Ohio St. 421; *Bethel* v. *Woodworth*, 11 Ohio St. 393; 9 Ohio St. 43.

THE opinion states the case.

GALBRAITH, J. This is an appeal from the judgment roll. The appellants claim that the complaint does not support the judgment; and this is the only question for our consideration.

The action is based upon a written contract, made by one McCarthy with the appellants, the interest in which, after the performance by him of his part of said contract, was assigned to the respondent. The action was brought to recover a balance due on said contract to the respondent, by virtue of said. assignment. The appellants did not demur to the complaint, but answered on the merits. The case was referred, and on the referee's making .his report, judgment was ordered thereon for the respondent. The objection that the complaint does not support the judgment is made for the first time in this court, and for the reason that the written contract of McCarthy with the appellants is not set forth in the body of the complaint, either by way of allegation of the substance thereof, or as to its legal effect, or *in hæc verba*, but by a copy attached to the complaint, and marked as an exhibit. The complaint refers to the exhibit in this language: " Plaintiff further alleges, upon information and belief, that on or about the sixth day of July, 1882, at Billings aforesaid, one Timothy H. McCarthy entered into an agreement in writing with the defendants, as such copartners, under their firm name, a copy of which agreement is hereto annexed, and marked 'Exhibit A,' and is made and forms a part of this complaint. For further particulars of the contents thereof, reference is hereby made to the same." The objection that the complaint does not support the judgment may be made in this court for the first time. *Territory* v. *Virginia Road Co.*, 2 Mont. 106; *Parker* v. *Bond*, 5 Mont. 12; *Anderson* v. *Hulme*, 5 Mont. 295; *Foster* v. *Wilson*, 5 Mont. 53.

Upon the question whether or not the contract is properly set forth by attaching a copy of it to the complaint as an exhibit, and making it a part thereof, the authorities are divided. The decisions of the supreme court of California have held both ways on this subject.

In the case of the *City of Los Angeles* v. *Signoret*, 50

Cal. 298, the objection was taken by demurrer in the court below. In an opinion " by the court," it was held: "Several matters of substance are lacking in the averment found in the complaint, which are sought to be supplied only by reference to the recitals found in an exhibit to the complaint, and to which exhibit, for all particular allegations therein contained, reference is hereby made," etc. " This is not sufficient pleading."

In *Stoddard* v. *Treadwell*, 26 Cal. 294, there was a demurrer to the complaint, " on the ground that it disclosed no cause of action, and on the further ground that it was ambiguous, unintelligible, and uncertain." This was overruled. In delivering the opinion of the court, Shafter, J., said: " But we do not consider the objections taken to the first and second counts in argument to be well founded. It has been already stated that those counts are based respectively upon the written contract, annexed to and made a part of the complaint. The complaint not only sets out the contract *in hæc verba*, but contains a statement of its legal effect, according to the views of the pleader. And it is insisted that the consideration upon which the promises of the defendants, for breaches of which the counts respectively proceed, has been misapprehended. Should all this be conceded, still the erroneous version of the pleader may be rejected as surplusage; for the true relations of the different parts of the contract to each other are disclosed by the contract itself. A contract may be declared on according to its legal effect or *in hæc verba*. If the former mode should be adopted, then the defendant may, by the rule of the common law, in a proper case, crave oyer of the instrument; and if it appear that its provisions have been misstated, he might set out the contract *in hæc verba*, and demur on the ground of variance. But where a plaintiff himself sets forth the contract in the terms in which it is written, and then proceeds by

averment to put a false construction upon the terms, the allegations, as repugnant to the terms, should be regarded as surplusage, to be struck out on motion. *Utile per inutile non vitiatur.*   1 Chit. Pl. 232."

This language holds, as plainly by implication as if it stated in direct terms, that the written contract may be attached to the pleading as an exhibit, and itself referred to, for the construction of its terms, as a part thereof. See *Hallock* v. *Jaudin,* 34 Cal. 167; *Murdock* v. *Brooks,* 38 Cal. 596.   2 Estee's Pleading, 3d ed., sec. 3140, is referred to as sustaining the position of the appellant.   This is as follows: " Matters of substance which are necessary to be alleged in a complaint cannot be left out and the defect supplied by reference to an exhibit attached to and made a part of the complaint."   On the other hand, Moak's Van Santvoord's Pleading, 3d ed., 181–195, referring to *Fairbanks* v. *Bloomfield,* 2 Duer, 353, contains the following: "And generally, under the code, it is the safest course, where the action is founded on an instrument in writing, to annex a copy, and refer to it as a part of the complaint."

We can see no valid reason why it is not as good pleading when the instrument in writing upon which the action is founded is attached to the complaint as an exhibit, and made and referred to as a part thereof, as when it is set forth in the body of the complaint *in hæc verba.*   But we are not necessarily called upon to determine this question here.

There was no demurrer to the complaint in the court below, but an answer was filed, and there was no denial of the contract set forth as an exhibit; and while there is no direct admission in the answer that the exhibit is the contract which is the foundation of the action, yet it is admitted that McCarthy was the subcontractor of the said appellants.   They admit, also, that there was a certain sum, less than that claimed in the complaint, due to

McCarthy as contractor, but deny his alleged assignment thereof to the respondent. Although it may be defectively pleaded, and the method of setting it forth as an exhibit to the complaint may be the subject of demurrer in the court below (which we do not here maintain), yet the contract is before us, not denied; and the above alleged defect is made the subject of objection here for the first time. We are of the opinion that this judgment ought not to be reversed on account of the mere technicality, presented for the first time in this court, that the contract is not pleaded as to its legal effect, or set forth in the body of the complaint *in hæc verba*.

In *Crawford* v. *Satterfield,* 27 Ohio St. 421, Ashburn, J., delivering the opinion of the court, says: " The petition in this case, though not artistically framed, is not defective in facts, and comes within the principles of former rulings of the supreme court. In the case of *Bethel* v. *Woodworth,* 11 Ohio St. 393, it was held 'that a defective statement in the petition of the cause of action is not a cause for reversal of the judgment, if the facts stated in the petition, when well stated, constitute a cause of action.' Sutliff, J., in the opinion, says: ' The sufficiency of the matters stated in the petition were not called in question in the court (common pleas) by demurrer; nor was the court, by motion, asked to require it reformed or improved in its structure. The assignment of its insufficiency, after the judgment, can only, therefore, be sustained upon the ground that the facts contained in the petition, even if well stated, constitute no cause of action.' To the same effect is the case of *Erwin* v. *Shaffer,* 9 Ohio St. 43. In our opinion, the petition in this action does contain facts sufficient, if properly stated, to make a good petition and substantial cause of action."

This, we think, is the condition of the case at bar. It is not denied that the contract set forth as an exhibit, if pleaded as to its legal effect, or set forth in the facts of

the complaint *in hæc verba,* that then the complaint would support the judgment.

In *Lincoln* v. *Iron Co.,* 103 U. S. 412, Mr. Justice Bradley, delivering the opinion of the court, says: " It is the rule of the common law that where there is any defect or omission in a pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give the verdict, such defect or omission is cured. 1 Wms. Saund. 228. Or, as it has been tersely put, a verdict cures a defective statement of a title or cause of action, but not the statement of a defective title or cause of action. 1 Wms. Saund. 228, note *c.*"

We think, with the above facts before us, that it is too late to raise this technical question here for the first time, after a full determination of the case in the court below without objection. We think the complaint is good after the finding by the referee, which stands in the place of a verdict of a jury.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.