MILAN TOLJAN, Plaintiff and Respondent, v. ROBERT L. FLOYD, Defendant and Appellant.

No. 9684.

Submitted February 17, 1958. Decided May 7, 1958.
Rehearing Denied July 9, 1958.
326 Pac. (2d) 971.

William Meyer, S. O. Meyer, Butte, for appellant.
R. Lewis Brown, Jr., David L. Holland, Butte, for appellant.

THE HONORABLE VICTOR H. FALL, District Judge, sitting in place of MR. JUSTICE BOTTOMLY.

This is an appeal on the judgment roll from a judgment based upon a jury verdict in favor of the plaintiff for $20,000 damages. This action was originally commenced by the plaintiff against defendants, Robert L. Floyd, Dr. John S. Floyd and Dr. George C. Floyd. Before the commencement of the trial, the plaintiff dismissed as to the latter two named defendants.

The record discloses that the defendant owns a business block in Butte, Montana, which is over fifty years old. The Independent Laundry and Dry Cleaners is a tenant of the defendant and occupies at least a portion of the building. As far as this court can determine from the record, the tenant, without any notice to the owner-defendant, and without permission, employed the Toljan Sign Company to paint a sign on the outside of the building. In the course of the painting job, some bricks fell from a decorative cornice which struck and injured plaintiff-respondent. The suit for damages resulted.

The appellant's second specification of error is directed toward the trial court's overruling of defendant's general demurrer to the complaint. In the complaint, after alleging defendant's ownership of the building in question, its location, its age, the existence of the decorative cornice at the top of the building, the complaint in paragraph 3 alleges as follows:

"That for at least three (3) years prior to the date of the hereinafter alleged accident the bricks and the mortar holding the same in said projection were in a disintegrated, weakened and decomposed condition so as to make the whole of the said projection weak, subject to collapse by its own weight or under the application of slight force; that the said projection because of said condition, was in a dangerous state. That any reasonable inspection of the said projection would have disclosed its dangerous condition for a period of at least three (3) years prior to the date of the hereinafter alleged accident."

The complaint then goes on to allege the employment of plaintiff-respondent by the Toljan Sign Company, the contract between the laundry and the sign company, the placing of a swinging stage on the building by plaintiff and another employee and the painting of the sign.

Then in paragraph 5, the plaintiff alleges in part as follows:

"That while so standing on said swinging stage a portion of said projection by reason of said dangerous condition as hereinbefore alleged became loose and suddenly fell and some of the

loose bricks struck the plaintiff about the head and body
\* \* \*."

In paragraph 6 of the complaint, plaintiff charged negligence on the part of the defendant as follows:

"That defendants negligently failed to repair and make safe said defective and dangerous condition of said building; that defendants negligently failed to give notice or warning to plaintiff that said premises were in a dangerous and defective condition at any time herein mentioned; that defendants negligently failed to inspect said premises for defects or dangerous conditions which might reasonably cause harm to plaintiff; that the negligence of defendants in one or more particulars as herein alleged was the sole and proximate cause of said accident and of plaintiff's resulting and hereinafter alleged injuries."

The only allegations charging or referring to negligence on the part of the defendant and his duty of care to the plaintiff, ex press or implied, are contained in the portions of the complaint quoted in full above. It therefore becomes our problem to determine if those allegations are sufficient to state a cause of action for the plaintiff against this defendant. This court has defined actionable negligence in a number of cases and nowhere in clearer language than in Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 283, 152 Pac. 481, 484, L.R.A.1916D, 836, wherein this court said:

"It is elementary that, when a plaintiff seeks recovery for actionable negligence, his complaint must allege facts showing these three elements: (1) That the defendant was under a legal duty to protect him from the injury of which he complains; (2) that the defendant failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency. All of these elements combined constitute the cause of action; and if the complaint fails to disclose, directly or by fair inference from the facts alleged, the presence of all of them, it is insufficient, for it fails to state the facts constituting a cause of action."

This language was quoted and followed in Brennan v. City of

Kalispell, 105 Mont. 547, 549, 74 Pac. (2d) 6; Johnson v. Herring, 89 Mont. 156, 167, 295 Pac. 1100; Linney v. Chicago, etc., P. R. Co., 94 Mont. 229, 234, 21 Pac. (2d) 1101; Kelly v. McCabe, 115 Mont. 530, 546, 146 Pac. (2d) 770, and followed and cited in Ritchie v. Northern Pacific Ry. Co., 128 Mont. 218, 272 Pac. (2d) 728. It has not been modified by this court in any opinion; it was and is the law of Montana.

Given its broadest possible interpretation, the complaint herein wholly fails to allege any facts showing any legal duty on the part of this defendant-appellant to protect this plaintiff-respondent from the injury of which he complains. The complaint does not state a cause of action.

The respondent argues that even if this is true, nonetheless, because of the verdict, the complaint must be deemed amended by the proof, and in the absence of a bill of exceptions this court may not reverse. In support of this, he cites and quotes from the early case of Hershfield & Bros. v. Aiken, 3 Mont. 442, and from Quirk v. Clark, 7 Mont. 231, 14 Pac. 669.

The quotation from the Quirk case, it is to be noted, was taken from Township of Lincoln v. Cambria Iron Co., 103 U.S. 412, 26 L.Ed. 518. An examination of the opinion in the Hershfield case discloses that the court felt impelled to hold that the allegation "due and payable" is a mere conclusion of law and does not aver a breach of contract, and did so hold. It went on to say, however, that despite this defect in the complaint, that "the proof must have covered the omitted or defective averment", and that "after judgment, verdict or decree, we hold * * * that such complaint would support such judgment or decree. Litigation must some time come to an end; and where a fair trial has been had upon substantial issues, *it ought not to be disturbed for a technicality that did not and could not in any manner affect the substantial rights of the parties.*" Emphasis added.

In the Quirk case at page 237, of 7 Mont., at page 671 of 14 Pac. this court quoted from Lincoln v. Iron Company, 103 U.S. 412, 26 L. Ed. 518, and stated: "* * * yet if the issue joined

be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give the verdict, such defect or omission is cured.'' However, the court went on to state in the next sentence: ''Or, as it has been tersely put, a verdict cures a defective statement of a title or cause of action, but not the statement of a defective title or cause of action.''

Thus, a careful examination of the Hershfield case and the Quirk case, supra, demonstrates that this court as early as 1880 laid down the rule that before a verdict or judgment can cure a defective complaint, there must be a cause of action. This rule was recently summarized in the case of Crenshaw v. Crenshaw, 120 Mont. 190, 201, 182 Pac. (2d) 477, 484, quoting from Kakos v. Byram, 88 Mont. 309, 318, 292 Pac. 909, as follows: '' 'The plaintiff must, of course, stand or fall upon the cause of action stated in his complaint. Pierce v. Great Falls & Canada Ry. Co., 22 Mont. 445, 56 Pac. 867. He is required to state his cause in ordinary and concise language. (Section 9129, Subd. 2, Rev. Codes 1921 [now R.C.M. 1947, section 93-3202] ). The facts must be ''stated by direct averment so that the party who is to answer may understand the specific acts of remissness with which he is charged and that material issues may be framed for trial.'' Stricklin v. Chicago, M. & St. P. R. Co., 59 Mont. 367, 197 Pac. 839, 840. The pleader must confine his proofs within the cause of action he states; he may not go beyond the material allegations of his pleading, for it would be folly to require the plaintiff to state his cause of action, if in the trial he could abandon the grounds stated and recover upon others which are substantially different from those alleged. Forsell v. Pittsburgh & Montana Copper Co., 38 Mont. 403, 100 Pac. 218. If this were not so, the very purpose of pleadings would be destroyed, and, instead of the complaint apprising the defendant of the proof which he would be called upon to meet, it would become a devise to entrap him. Flaherty v. Butte Electric R. Co., 40 Mont. 454, 107 Pac. 416, 135 Am. St. Rep. 630.' Kakos v. Byram, 88 Mont.

309, 318, 292 Pac. 909, 911. See also to same effect: West v. Wilson, 90 Mont. 522, 4 Pac. (2d) 469; Giles v. Herzstein, 43 N.M. 518, 96 Pac. (2d) 289.''

For another reason plaintiff's contention can not be sustained. The rule has no application when evidence has been admitted over objection. It applies only to a case in which the objection to the sufficiency of the complaint is raised in the supreme court for the first time. Ecclesine v. Great Northern Ry. Co., 58 Mont. 470, 194 Pac. 143. Here defendant attacked the sufficiency of the complaint by general demurrer. The adverse ruling saved the point for all purposes. Bennett v. Gusdorf, 101 Mont. 39, 53 Pac. (2d) 91; Nelson v. Young, 70 Mont. 112, 224 Pac. 237; State ex rel. Hurley v. District Court, 76 Mont. 222, 246 Pac. 250.

The rule set forth in Monteath v. Monteath, 99 Mont. 444, 451, 452, 44 Pac. (2d) 517, is expressly modified to conform to the rule herein stated. Applying this rule to this complaint, it must be held that where no cause of action was stated in the first place, the verdict is inefficacious for any purpose whatever.

The trial court judgment is reversed with instructions to sustain the demurrer to the complaint and allow the respondent to amend his complaint if he elects so to do. Costs to the appellant.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.