MILAN TOLJAN, Plaintiff and Appellant, *v.* ROBERT L. FLOYD, Defendant and Respondent.

No. 10213

Submitted December 3, 1962. Decided January 7, 1963.

377 P.2d 528.

David L. Holland, Butte, R. Lewis Brown, Jr. (argued orally), Butte, for appellant.

Meyer, Meyer & Purcell, Butte, S. O. Meyer (argued orally), Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered after defendant's,

respondent here, general demurrer to an amended complaint was sustained.

The action was one for damages to plaintiff resulting from injuries suffered on or about October 27, 1954, while painting a sign on the wall of a building owned by defendant located in Butte.

The action was originally filed on August 11, 1955, and tried before a jury which returned a verdict for the plaintiff. On appeal to this court, judgment was reversed with instructions to sustain the demurrer to the complaint and to allow plaintiff to amend his complaint. (Toljan v. Floyd, 133 Mont. 567, 326 P.2d 971.) Plaintiff thereafter filed an amended complaint which was thereafter amended by leave of court. Thereafter, a general demurrer to plaintiff's amended complaint was sustained and judgment entered for defendant. This appeal followed.

Plaintiff, appellant, specifies as error the sustaining of the demurrer and certain errors in the trial court's granting of motions to strike certain portions of the amended complaint. We shall refer to the amended complaint as simply the complaint.

The pertinent portions of the complaint reveal: After alleging defendant's ownership of the building, its location, age, the existence of a decorative cornice at the top of the building, paragraph 3 alleges:

"That for at least three (3) years prior to the date of the hereinafter alleged accident the bricks and the mortar holding the same in said projection were in a disintegrated, weakened and decomposed condition so as to make the whole of the said projection weak, subject to collapse by its own weight or under the application of slight force; that the said projection, because of said condition, was in a dangerous state. That any reasonable inspection of the said projection would have disclosed its dangerous condition for a period of at least three

(3) years prior to the date of the hereinafter alleged accident.''

In paragraph IV, it is alleged in substance that two men, Peretti and Cloke, owned and operated the Independent Laundry and Dry Cleaners and that they leased a specific portion of the building owned by defendant in which to conduct their business. Further, that a sign advertising the business was on the south wall and had been for some time, that the sign had been repainted by plaintiff prior to the date of the accident at the request of the defendant; and that the defendant had control of the roof and exterior south wall.

Then it was alleged that plaintiff was an employee of Toljan Sign Co., and that on or about the 27th day of October, 1954, the laundry rightfully and with the permission of the defendant employed the Toljan Sign Co. to repaint the said sign on the south wall of said building, and that plaintiff went to the premises at the direction of his employer; that the defendant saw plaintiff painting the sign prior to the accident; that the roof was in a defective condition as defendant should have known; that such defective condition caused plaintiff's injuries; and that such injuries were caused solely and proximately by defendant's negligence.

The specific allegations of negligence are contained in paragraph VI:

''That defendants negligently failed to repair and make safe said defective and dangerous condition of said building; that defendants negligently failed to give notice or warning to plaintiff that said premises were in a dangerous and defective condition at any time herein mentioned; that defendants negligently failed to inspect said premises for defects or dangerous conditions which might reasonably cause harm to plaintiff; that the negligence of defendants in one or more particulars as herein alleged was the sole and proximate cause of said accident and of plaintiff's resulting and hereinafter alleged injuries.''

It will be seen that to state a cause of action against the owner of the building, the three things set out in our previous opinion, Toljan v. Floyd, supra, quoting from Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 283, 152 P. 481, 484, L.R.A. 1916D, 836, are:

" 'It is elementary that, when a plaintiff seeks recovery for actionable negligence, his complaint must allege facts showing these three elements: (1) That the defendant was under a legal duty to protect him from the injury of which he complains; (2) that the defendant failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency. All of these elements combined constitute the cause of action; and if the complaint fails to disclose, directly or by fair inference from the facts alleged, the presence of all of them, it is insufficient, for it fails to state the facts constituting a cause of action.' "

If there be any legal duty on the part of the defendant to protect this plaintiff, that duty must be found in the foregoing allegations.

To determine the duty required of the defendant towards this plaintiff the legal relationship between plaintiff and defendant under the foregoing allegations must be inquired into.

Plaintiff, appellant here, contends that the plaintiff was an invitee of defendant in painting the sign as distinguished from a mere licensee.

In Teesdale v. Anschutz Drilling Co., 138 Mont. 427, 433, 357 P.2d 4, 7, we said:

"In the case of Jonosky v. Northern Pac. Ry., 57 Mont. 63, 73, 187 P. 1014, 1015, this court stated the distinction between invitation and license as follows:

" '* * * Much of the confusion arises from the failure of the courts to distinguish between a license and an invitation, and particularly between an implied license and an implied invitation. The distinction is not merely one of descrip-

tive phraseology, but has its foundation in sound common sense. An invitation is inferred where there is a *common interest or mutual advantage,* while a license is implied where the object is the mere pleasure, convenience, or benefit of the person enjoying the privilege.' Emphasis supplied.

"This common interest or mutual advantage test, as applied in the Jonosky case, has been expressly affirmed in the later Montana decisions of Hickman v. First Nat. Bank of Great Falls, 112 Mont. 398, 117 P.2d 275, and Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 152 P.2d 137. Also see Thompson v. Yellowstone Livestock Commission, 133 Mont. 403, 324 P.2d 412, which approved the same type of language as it was used in a California decision.

"Applying this common interest or mutual advantage test to the facts in the instant case, we conclude that plaintiff was an invitee of defendant at the time of the accident. There was uncontroverted testimony in the record which indicated that large quantities of water are indispensable in the drilling of an oil well. It is evident that defendant required and used water in drilling the well and plaintiff furnished this water. Without the water defendant's drilling would be discontinued. For this reason, the presence of plaintiff on the water tank in order to furnish the water for the drilling of the oil well was for the common interest or mutual advantage of both plaintiff and defendant, and he was an invitee of defendant while on the tank.

"Since the relationship between plaintiff and defendant was an invitee-invitor relationship, defendant owed plaintiff the duty of exercising reasonable or ordinary care and a failure to exercise such care would constitute actionable negligence on the part of defendant. Montague v. Hanson, 38 Mont. 376, 99 P. 1063; Chichas v. Foley Bros. Grocery Co., 73 Mont. 575, 236 P. 361; McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344; Nichols v. Consolidated Dairies, 125 Mont. 460, 239 P.2d 740, 28 A.L.R.2d 1216."

Here, we hold that applying the test of "common interest and mutual advantage" as against "mere pleasure, convenience or benefit of the person enjoying the privilege", the complaint alleges the status of a mere licensee. It does not allege that defendant received remuneration or advantage from having the sign painted. The most that can be said is that the sign was for the "convenience or benefit" of the Laundry Company. On oral argument, it was urged by plaintiff's counsel that the painting of the sign would increase the business so that the laundry could more easily pay its rent to defendant and thus a "common interest and mutual advantage" existed. Such an argument goes beyond the standards set.

Plaintiff urges the case of Ahlquist v. Mulvaney Realty Co., 116 Mont. 6, 152 P.2d 137. In that case, an accident in a restroom on premises leased from defendant for a bus depot was involved. It was held that as to the defendant owner, the plaintiff was an invitee. Of course, in that case a clear "common interest and mutual advantage" existed. The rest room was an integral part of the premises leased. But here, we have no leasing of the roof and south wall of the premises.

Also plaintiff urges Sloan v. Hirsch, 283 Pa. 230, 128 A. 831, where an electrician employed by a tenant in a building to make repairs for the tenant was killed in an elevator accident under the control of the defendant. The elevator was operated by defendant for all the tenants. Plaintiff was held to be an invitee. The case is not similar on its facts at all. We have also examined Reiman v. Moore, 42 Cal.App.2d 130, 108 P.2d 452, and Lake v. Emigh, 118 Mont. 325, 167 P.2d 575. In both cases, the specific thing was part of the leased premises and in common use by the tenants. In each case cited by plaintiff, the status of invitee as against licensee was inquired into.

We have also examined plaintiff's specifications of error concerning the ruling on the motion to strike portions of the complaint. We find no merit in them, and in any event, the rulings would not change the result.

Because of what has been heretofore said, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON, concur.