STATE EX REL. LINDSEY, RELATOR, v. AYERS, DISTRICT JUDGE, RESPONDENT.

(No. 3,799.)

(Submitted January 27, 1916. Decided February 11, 1916.)

[155 Pac. 276.]

*Mandamus—Bill of Exceptions—Settlement—Duty of District Judge.*

*Mandamus*—Jurisdiction of Supreme Court.

  1. After the institution of proceedings in *mandamus* to compel a district court to restore a bill of exceptions stricken from the files and a settlement thereof, the supreme court cannot be ousted of jurisdiction by an order rescinding the order striking the bill and making one refusing settlement for reasons which must have existed when the order complained of was made.

Same—Bill of Exceptions—Settlement.

  2. Where a party pursues the statute in the preparation, service and presentation of his proposed bill of exceptions, he is entitled to have it settled as a matter of right, and settlement may be compelled by *mandamus*.

Bill of Exceptions—Settlement—Duty of District Judge.
    3.  Since "settlement" of a bill of exceptions, as required by Section 6788, Revised Codes, means the elimination of all unnecessary matter and the incorporation of all matter necessary to present the exceptions, the judge to whom a bill is presented cannot refuse to settle it merely because it does not contain all the proceedings or the evidence and contains misstatements of facts, but in such case he must require the bill to state the truth and fairly exhibit the exceptions saved, strike out useless matter, and then sign the bill with his certificate as required by the statute.
    [As to *mandamus* against judicial officers, see note in 92 Am. St. Rep. 890.]

Original application for writ of mandate by the State, on the relation of Theodore Lindsey, against Roy E. Ayers, Judge of the District Court of the Tenth Judicial District in and for the County of Fergus, to compel restoration to the files of a bill of exceptions and settle the same.   Peremptory writ issued.

*Mr. P. B. Berger,* for Relator.

*Messrs. Belden & De Kalb,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action entitled *First National Bank of Miles City* **v.** *Theo. Lindsey,* tried in the district court of Fergus county, resulting in a verdict and judgment for plaintiff, the defendant gave notice of his intention to move for a new trial upon a bill of exceptions thereafter to be prepared.   A draft of the proposed bill was served and delivered to the judge for settlement. At the instance of the plaintiff, the proposed bill was stricken from the files and settlement refused November 29, 1915.   To the application of the moving party for an alternative writ of mandate, the respondent judge has made return that the order striking the bill has been rescinded and the bill restored to the files, and that he has refused to settle it because it does not contain all the proceedings or all the evidence or the substance of it, and contains a misstatement of facts.   These reasons will be treated as additional grounds for the order refusing settlement on November 29, 1915.   We do not concede that the court

[1]   or judge, by revoking the order of November 25, after this proceeding was .instituted, and making another order refusing settlement for reasons which existed, if at all, when the first order was made, can oust this court of jurisdiction to determine whether this relator is entitled to have his proposed bill settled.

So far as the record discloses, the relator pursued the stat-
[2]   ute in the preparation, service and presentation of his proposed bill, and therefore is entitled to have it settled as a matter of right, and settlement may be compelled by *mandamus.* (*Montana Ore Pur. Co.* v. *Lindsay,* 25 Mont. 24, 63 Pac. 715.)

An attorney who intentionally presents a false or unfair statement of the court proceedings for settlement as a bill of exceptions merits discipline; but attorneys even are fallible, and of this fact the legislature took notice in providing for amendments (sec. 6788, Rev. Codes), which would be altogether unnecessary if the moving party's draft must be absolutely correct in the first instance.

Generally, the bill should not contain all the evidence taken upon the trial. Section 6788 commands "the judge or referee
[3]   in settling the bill, to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible." But even if the moving party is derelict, it affords no excuse for the failure of the judge to perform his duty. If the draft as proposed contains matters which it should not, it is the duty of the judge to strike them out. If it fails to contain matters which should be included, it is the duty of the judge to have them incorporated. In other words, instead of refusing to settle a defective bill, the judge should require it to be made to state the truth and fairly exhibit the exceptions saved. The legal distinction between settling and signing a bill of exceptions has been adverted to frequently. (*Montana L. & P. Co.* v. *Howard,* 10 Mont. 296, 25 Pac. 1024.) By "settlement" is meant the elimination of all unnecessary matter and the incorporation of all matter necessary to present the exceptions as briefly as possible.

The peremptory writ will issue requiring this respondent to settle the bill of exceptions presented by the defendant in the case of *First National Bank of Miles City* v. *Theo. Lindsey,* and, when settled, to sign the same with his certificate as required by section 6788 above.

                                          *Writ Issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.