MINNEAPOLIS STEEL & MACHINERY CO., Appellant, *v.*
THOMAS et al., Respondents.

(No. 3,806.)

(Submitted October 6, 1917.   Decided October 15, 1917.)

[168 Pac. 40.]

*Corporations—Annual Reports—Filing—Liability of Directors
—County Clerks—Filing Fees—Statutes—Appeal and Error
—Scope of Review.*

Appeal and Error—Scope of Review.
  1.   If the conclusion of the trial court was correct, it is immaterial what reason was assigned for it.

County Clerks—"Filing" Instruments—Fees—Prepayment.
  2.   Where a paper entitled to be filed is deposited with the proper custodian and, if prepayment of the filing fee is required, the fee tendered, it is filed, the marking thereof as "Filed" not constituting the filing.

Same—Fees—Prepayment—Statutes.
  3.   Under section 3043, Revised Codes, the county clerk may, but is not required to, demand prepayment of filing or other fees; section 3144, having to do with the payment of fees in advance, being inapplicable.

Same—Filing Fees—What Does not Constitute a Demand.
  4.   Where a corporation sent its annual report to the county clerk with the request that he advise it as to his fee for filing, his answer (accompanying his refusal to file it because not acknowledged), "Will state that the fee for filing is $1," *held* not such a demand for prepayment of the fee as is contemplated by section 3043, Revised Codes.

Same—Corporations—Annual Reports—Failure to File—Evidence—Insufficiency.
  5.   A corporation mailed its annual report to the county clerk on January 16 but failed to inclose the filing fee of one dollar.  The clerk received the report on the 17th or 19th, retained it in his office and mailed the sender a bill for the fee.  On January 23 the fee was received and the clerk thereupon indorsed the report as filed on the latter date.  The statute (Rev. Codes, sec. 3850, as amended by Laws of 1909,

Chap. 140) provides that the report must be filed within twenty days from and after December 31. In an action commenced to enforce the directors' individual liability for failure to file the report in time, evidence *held* insufficient to show that the report was not filed in time.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by the Minneapolis Steel & Machinery Company against A. L. Thomas and others. Judgment for defendants and plaintiff appeals from it and an order denying him a new trial. Affirmed.

*Messrs. Grimstad & Brown,* for Appellant, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

*Messrs. Nichols & Wilson,* for Respondents, submitted a brief; *Mr. Edmund Nichols* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

During 1913 the Alfalfa Products Company, a Montana corporation, became indebted to the Minneapolis Steel & Machinery Company, and the indebtedness has not been discharged. On January 9, 1914, the officers and directors of the Montana company, through their agent, the Columbus State Bank, transmitted to the county clerk of Yellowstone county the annual report required by section 3850, Revised Codes, as amended by the Laws of 1909, page 217, and accompanying the report was this letter:

"Mr. F. E. Williams, Co. Clerk, Billings—

"Dear Sir: We inclose herewith annual report of the Alfalfa Products Company for filing. Kindly advise us of your fees in the matter and we will remit.

"Yours very truly,

"L. DOAN DIXON,

"Vice-President."

On January 12 the clerk returned the report, with an explanatory letter as follows:

"Jan'y 12, 1914.

"Columbus State Bank, Columbus, Mont.—

"Gentlemen: I am in receipt of your favor of the 9th inst., inclosing annual statement of the Alfalfa Products Company, which I am returning herewith to you for the reason that the same has not been acknowledged according to law. Will also state that the fee for filing annual statement is $1.00."

On January 16 the report was again sent to the clerk, with the following letter:

"F. E. Williams, Co. Clerk, Billings, Mont.—

"Dear Sir: I return herewith the annual statement of the Alfalfa Products Company properly acknowledged, together with cashier's check for the sum of $1.00, being your fee for recording.                         "Very truly yours,

"L. DOAN DIXON,

"Vice-President."

Through inadvertence, or for some other reason not explained, the bank failed to inclose the check. The clerk received the report on January 17 or 19 and retained it thereafter in his office. He immediately mailed to the bank a bill or statement, made out upon an ordinary billhead in use in the office. On January 23 the $1 was received, and the clerk thereupon indorsed his filing mark upon the report. In March following, this action was commenced against the directors of the Alfalfa Products Company to enforce their individual liability for the company's debts, upon the theory that the report was not filed on or before January 20 as required by statute. The trial court found for defendants, and plaintiff appealed.

If the conclusion reached by the trial court was correct, it is [1] immaterial what, if any, reason was assigned for it. (*City of Butte* v. *Goodwin,* 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670.) In *Dewar's Estate,* 10 Mont. 426, 25 Pac. 1026, this court announced the general rule, accepted by practically all courts, as follows: "To file papers is to deposit them with the [2] proper custodian for keeping. The marking of them

'Filed' by the clerk is another matter, and is not the filing.'' Of course, this rule presupposes that the paper is one entitled to be filed, and that the filing fee, if any, is tendered, if prepayment is required to secure filing.

Section 3043, Revised Codes, found in a chapter which deals exclusively with the powers and duties of the county clerk, provides: ''He is not bound to record any instrument, or file any paper or notice, or furnish any copies, or to render any service connected with his office, until the fee for the same, as prescribed by law, is, *if demanded*, paid or tendered.''

Counsel do not refer to section 3144, Revised Codes. They [3] assume that the provisions of section 3043 are controlling, and under the rule adopted by the Codes for their own interpretation (sec. 3556, Rev. Codes), we think they are correct in their assumption. Under this section the clerk is authorized, but not required, to demand the prepayment of fees. He is liable on his official bond for all fees due to his office; but he may collect them after services are rendered, if he chooses to do so.

The only evidence produced upon the trial was offered by the plaintiff. The appellant lays stress upon the following testimony given by the clerk: ''I returned the instrument the first time because it had not been sworn and acknowledged before a notary public, and for the reason that it was not accompanied by the fee.'' However, an undisclosed purpose could not affect the rights of the defendants. The only reason submitted to the bank, or to anyone else, for the return of the paper, is found in the clerk's letter above. The letters disclose fully just what was done. The reason assigned by the clerk in his letter was not valid. Aside from the fact that he is a ministerial officer, section 3850, as amended, does not seem to require that the report shall be acknowledged in any event, or that it shall be verified, unless, possibly, when, in the absence or inability of the president of the corporation to act, the vice-president signs the report in his stead.

If the bank had inclosed the filing fee with the report in its letter of January 9, it is perfectly clear that in contemplation

of law the report would have been filed upon its receipt by the clerk, which was not later than January 12, even though the clerk refused to make the proper indorsement and returned it to the [4] bank. It is equally clear, from the decision in the *Dewar Case* and from the provisions of section 3043, that it was so filed, unless the clerk demanded that the filing fee be paid in advance. If he made any demand, it is to be found in this language contained in his letter: "Will also state that the fee for filing annual statement is $1." It is not material to inquire concerning the meaning of the term "demand" in the abstract. Section 3043 contemplates, not merely a demand for the fee, but a demand that the fee be paid in advance, as a condition precedent to the rendition of official service. When the quotation above is read in connection with the bank's letter of January 9, it is made reasonably certain that the clerk intended nothing more than to answer the inquiry made by the bank and furnish the desired information. The letter cannot be construed as containing such a demand as is contemplated by section 3043 above.

The bill or statement sent to the bank by the clerk on January [5] 17 or 19 was not offered in evidence, no demand was made upon the bank to produce it, no attempt was made to prove its contents, and the blank form employed by the clerk was not offered, so far as the record discloses. It is impossible to say just what significance might attach to this bill or statement, if in evidence.

The burden of proof was upon the plaintiff, and in its attempt to show that the report was not filed on or before January 20 we think it failed. The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.