NELSON, APPELLANT, *v.* YOUNG ET AL., RESPONDENTS.

(No. 5,420.)

(Submitted February 19, 1924. Decided March 11, 1924.)

[224 Pac. 237.]

*Accord and Satisfaction—General Denial Insufficient—Pleading —New Matter—Trial—When Repetition of Objections and Exceptions Unnecessary.*

Accord and Satisfaction—Definition.
1. "Accord and satisfaction" means the substitution of a new agreement in satisfaction of an obligation different from the original rights existing under an antecedent liability.

[70 Mont. 112.]

Pleading—General Denial—Evidence Admissible.
    2. A general denial does not authorize the introduction of any evidence on the part of the defendant other than such as tends directly to disprove some fact alleged in the complaint.

Same—New Matter—What Constitutes.
    3. Any fact which avoids the action and which plaintiff is not bound to prove in the first instance in support of it is new matter and must be specially pleaded.

Accord and Satisfaction must be Specially Pleaded.
    4. An agreement of accord and satisfaction in order to be available in defense must be specially pleaded.

Trial—Objections and Exceptions—When Repetition Unnecessary.
    5. Where a party has once saved a point in the progress of trial by timely objection and exception he is relieved from thereafter repeating the same objection on the same point, and is not estopped to urge error by failure to make renewed objections, nor open to the charge that he waived error in an instruction based upon the same point.

*Appeal from Fifteenth Judicial District Court, Rosebud County; George A. Horkan, Judge.*

ACTION by David Nelson against H. G. Young and another, as copartners doing business under the firm name and style of Young & Young. Judgment for defendants and plaintiff appeals. Reversed and remanded.

*Messrs. Walker & Nelstead,* for Appellant, submitted a brief; *Mr. Rudolph Nelstead* argued the cause orally.

The defense of settlement or accord and satisfaction must be specially pleaded. (Sec. 9137, Rev. Codes 1921; *Chealey* v. *Purdy,* 54 Mont. 489, 171 Pac. 926; *Choate* v. *Hoog Straat,* 105 Fed. 713, 46 C. C. A. 174; *Reed* v. *Cornell,* 54 Cal. App. 179, 201 Pac. 608; *Bernham C. & M. Corp.* v. *Ship-A-Hoy,* 200 App. Div. 399, 193 N. Y. Supp. 372; *Jones* v. *Bell,* 201 Ala. 336, 77 South. 998; *Welles* v. *Colorado Nat. Life Assur. Co.,* 49 Colo. 508, 113 Pac. 524; *Klair* v. *Philadelphia B. & W. R. Co.,* 25 Del. 274, 78 Atl. 1085; *Shahan* v. *Bayer Vehicle Co.,* 179 Iowa, 923, 162 N. W. 221; *Bagby* v. *Hudson,* 11 Ky. Law Rep. 581; *People's Bank* v. *Stewart,* 136 Mo. App. 24, 117 S. W. 99; *Omaha Alfalfa Milling Co.* v. *Hallen,* 105 Neb. 193, 179 N. W. 1010; *Lankester* v. *Fine,* 134 Minn. 330, 159 N. W. 622; *Standard Fashion Co.* v. *Joels,* 60 Okl. 195, 159 Pac. 846; *Thompson*

v. *Baird* (Tex. Civ.), 146 S. W. 354; *MacDonald* v. *Place*, 88
Vt. 80, 90 Atl. 948; 30 Cyc. 1261, 1262; 1 Corpus Juris, 572,
573; 21 R. C. L. 115, 116, 117.)

*Messrs. Nichols & Myers* and *Messrs. Young & Young,* for
Respondents, submitted a brief; *Mr. Henry H. Myers* argued
the cause orally.

In support of our contention that proof of an accord and
satisfaction may be made under a general denial, we cite Pom-
eroy on Code Pleading, 4th ed., par. 541; *Schwartz* v. *Clark*,
86 W. Va. 244, 103 S. E. 47; *Stockton* v. *Frey*, 4 Gill (Md.),
406, 45 Am. Dec. 138. These cited authorities we believe are
in accord with the principle of the following Montana authori-
ties: Rev. Codes, sec. 9137; *Mauldin* v. *Ball*, 5 Mont. 96, 1 Pac.
409; *Stephens* v. *Conly*, 48 Mont. 352, Ann. Cas. 1915D, 958,
138 Pac. 189; *Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926;
*Cowan* v. *Browne*, 63 Mont. 82, 206 Pac. 432; see, also, 1 Ency.
Pl. & Pr. 817.

Whatever merit there may be in our contention that the
pleadings in the case at bar permitted introduction of evidence
of settlement or accord and satisfaction, we put our greatest
stress upon and rely principally upon our contentions that
sufficient evidence on that issue was permitted to go to the jury,
without objection, and that no motion was made to strike it
out, and that the court, without objection from plaintiff, in-
structed the jury on that issue and submitted it to the jury,
and that, therefore, the pleadings are deemed to be amended
accordingly and that plaintiff is estopped from complaining
thereof. Upon those contentions, we confidently feel that our
position is invincible and that we are fortified by impregnable
authorities.

This subject is fully treated in 38 Cyc. 1394–1401, 1617;
see, also, *Hollenbeck* v. *Stone & Webster Eng. Corp.*, 46 Mont.
559; *Fabian* v. *Collins*, 3 Mont. 215; *Alderson* v. *Marshall*, 7
Mont. 288, 16 Pac. 576; *Hogan* v. *Shuart*, 11 Mont. 498, 28 Pac.

969; *Archer* v. *Chicago, M. & St. P. Ry. Co.*, 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac. 571.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was brought by the plaintiff to recover of the defendants the sum of $2,500, together with interest from October 1, 1919. The complaint alleges that on the first day of October, 1919, the defendants received from I. N. Hill, for the use and benefit of the plaintiff, the amount sued for; plaintiff's demand therefor; the defendants' failure and refusal to pay the amount due or any part thereof; and that at the time of the commencement of the action there was due and owing to plaintiff the amount stated, together with interest. The answer admits that the defendants received the money for the use and benefit of the plaintiff, as alleged, but otherwise generally denies all of the allegations of the plaintiff's complaint. The cause was tried to a jury, at the conclusion of which a general verdict was rendered in favor of the defendants. Judgment was entered on the verdict. A motion for a new trial having been denied, this appeal is prosecuted from the judgment.

The assignments of error present but one question determinative of this appeal, *viz.:* Did the court err in permitting proof by the defendants of an accord and satisfaction under a general denial made by their answer?

It appears from the record that after plaintiff had made a *prima facie* case against the defendants and rested, H. G. Young, one of the defendants, was then called as a witness in defendants' behalf, and at the outset testified: "In the course of my professional affairs I did have occasion in the fall of 1919 to have certain business transactions with the plaintiff, Mr. Nelson, respecting a $2,500 check made out to one I. N. Hill. The firm of Young & Young received that check from Hill. We deposited the check in a fund under the name of Young & Young, trustee, in the Bank of Commerce. It was deposited as trustee for David Nelson. After that fund had been deposited, something occurred in connection with that

fund, preventing us from making any disposition of it. About the 1st of December, 1919, one Charles H. Becker instituted an action in which he made the firm of Young & Young parties, in order to hold that trust fund. The fund was held until some time during the year 1922. The *Becker Case* was finally tried and disposed of, and the issues in that case were determined favorable to the defendants. At that time, the time this money was released, this fund then was free and in our possession as a free trust fund. That was on the 12th of November, 1922. This fund was originally deposited by us as trustee for Nelson. During this period, I mean immediately after the release of this trust fund, I did have an accord and satisfaction or a settlement with Nelson.''

Thereupon the following occurred, raising the question of alleged error under consideration:

''Q. Where did that accord and satisfaction or settlement occur?

''Mr. Walker: In order to preserve the record we desire to object to all this line of testimony in relation to any settlement between the defendants and the plaintiff on the ground that it is incompetent, irrelevant, and immaterial under the pleadings and issues in the case.

''Court: I presume your contention is that their general denial isn't sufficient?

''Mr. Walker: Yes.

''Court: Overruled. Exception.''

By our statute it is provided that: The answer of the defendant must contain, in addition to general or special denials: ''2. A statement of any new matter constituting a defense or counterclaim.'' (Sec. 9137, Rev. Codes 1921.) And the defendant ''may set forth, in his answer, as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable.'' (*Id.*, sec. 9146.) ''An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled.'' (*Id.*, sec.

7456.) "Acceptance by the creditor of the consideration of an accord extinguishes the obligation, and is called satisfaction." (*Id.*, sec. 7458.) The phrase "accord and satisfaction" as generally known and applied in the law and under [1–3] the definitions of our statute means the substitution of a new agreement in satisfaction of an obligation, different from the original rights existing under an antecedent liability.

The general rule approved by all the authorities on Code pleading is stated by Judge Bliss in his work on Code Pleading, 3d ed., sec. 352, quoting from the case of *Benedict* v. *Seymour,* 6 How. Pr. (N. Y.) 298, as follows: "A general traverse under the Code authorizes the introduction of no evidence on the part of the defendant, except such as tends directly to disprove some fact alleged in the complaint."

Further, quoting from the case of *Northrup* v. *Missouri Val. Ins. Co.,* 47 Mo. 435, 4 Am. Rep. 337: "Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out." And further, quoting from the case of *State* v. *Williams,* 48 Mo. 210: "The general rule is that any fact which avoids the action, and which the plaintiff is not bound to prove in the first instance in support of it, is new matter," and must be specially pleaded.

Professor Pomeroy in his work on Code Remedies, fourth edition, section 563, says: "A general denial when properly pleaded does not *state* any facts; it simply *denies* facts. A defense of new matter, on the other hand, does not deny any facts; it assumes the averments of the complaint or petition to be true; and under the ancient system a plea of confession and avoidance must *give color* to these averments, or it would be fatally defective. * * * The rule for setting forth the facts which constitute the defense is, therefore, the same as that for setting forth the facts which constitute the cause of action. In each case, all the material, issuable facts which make up the cause of action or the defense must be averred."

Our statute (sec. 9137, Rev. Codes 1921) was taken from

[4] California (Kerr's Ency. Code, sec. 437), though the language is not identical, and with it was adopted the construction given it by the supreme court of that state. In California it was first held that an accord and satisfaction could be shown under a general denial, but that was at an early date, October term, 1852, in the cases of *Gavin* v. *Annan*, 2 Cal. 494, and *McLarren* v. *Spaulding*, 2 Cal. 510. However, since the July term, 1858, long prior to the adoption of our Codes of 1895, the contrary has been the rule. (*Piercy* v. *Sabin*, 10 Cal. 22, 70 Am. Dec. 692; *Coles* v. *Solesby*, 21 Cal. 47; *Sweet* v. *Burdett*, 40 Cal. 97; *Landis* v. *Morrissey*, 69 Cal. 83, 10 Pac. 258; *Wilson* v. *California R. R. Co.*, 94 Cal. 166, 17 L. R. A. 685, 29 Pac. 861.)

Generally, the rule recognized under the Code is that new matter must be specially pleaded. An attempt to avoid plaintiff's cause of action, though admitting it once existed, constitutes new matter, and such defenses must be specially pleaded or evidence to establish them will be excluded. An accord and satisfaction constitutes that character of defense, and proof with respect thereto is not admissible under a general denial. (1 Cal. Jur., p. 135; 1 R. C. L., p. 202; Estee's Pleadings, 4th ed., sec. 3231; Pomeroy's Code Remedies, 4th ed., sec. 588; 1 C. J. 573. And see *State Sav. Bank* v. *Albertson*, 39 Mont. 414, 102 Pac. 692.) Such plea simply amounts to a confession and avoidance.

It may therefore be definitely stated as the rule of pleading in this state that an agreement of accord and satisfaction in order to be of avail in defense must be specially pleaded.

It is the contention of defendants' learned counsel that the [5] plaintiff having permitted evidence to be introduced upon the question of settlement or accord and satisfaction without objection, and having allowed it to stand without a motion to strike, is now estopped from alleging error on account thereof. Furthermore, that the court without objection instructed the jury on the law relative to the effect of an accord and satisfaction, and that this constituted a waiver of the objection

relative to the sufficiency of the answer. There is no merit in this argument, for plaintiff's counsel in protection of the interests of his client, after having made timely objection to this character of evidence and taken exception to the court's ruling in admitting it, was bound to follow the court's theory to the conclusion of the trial. Repeated objections and exceptions were wholly unnecessary and would only tend to needlessly encumber the record. At the very beginning of defendants' case on the commencement of the examination of defendants' first witness, as indicated above, the point was preserved, and that was wholly sufficient. As well said by Mr. Justice Holloway, speaking for this court in *Ecclesine* v. *Great Northern Ry. Co.*, 58 Mont. 470, 194 Pac. 143: "The practice of law would become a farce if the rule were established that a party who has once saved a point by timely objection and exception to the ruling must repeat the objection thereafter every time the question is raised during the proceedings in the case, under penalty of having his exception deemed waived. Neither common sense nor any recognized rule of law sanctions such practice. The courts, including this one, may not have observed the distinction above on all proper occasions, but the error in failing to do so has not been repeated so often as to give rise to the application of the maxim, '*Communis error facit jus.*' "

The judgment is reversed and the cause remanded to the district court of Rosebud county for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

MR. CHIEF JUSTICE CALLAWAY, not having heard the arguments, takes no part in this decision.