HALE et al., Respondent, *v*. BELGRADE CO., LTD., et al., Defendants; FARMERS' BANK OF BELGRADE, Appellant.

(No. 5,801.)

(Submitted November 25, 1925.  Decided December 18, 1925.)

[242 Pac. 425.]

*Fraudulent Conveyances—Erroneous Judgment—Pleading and Practice — Stipulations of Counsel — Bill of Exceptions — Signing not Part of Settlement—Insolvent Debtor—Preference in Payment of Creditors — Appeal — Cross-assignments of Error — Trial — Evidence — Court not Bound by Mere Swearing.*

Practice—Stipulations of Counsel—Extent of Right.
  1.  While counsel may not by stipulation confer jurisdiction upon a court or reinvest it with jurisdiction after it has been lost, or agree to have thereby questions of law or the validity of statutory provisions or rights other than those existing between the parties to the suit in which it is filed determined, they may bind themselves in procedural matters and go so far as to waive statutory provisions or irregularities.

Same—Bill of Exceptions—Stipulation Extending Time in Which to Prepare, Binding.

2.   Where counsel for respondent, before the expiration of the statutory time within which a bill of exceptions could be settled, stipulated with opposing counsel extending the time of the latter within which to prepare and present his bill for settlement, thereby waiving the necessity of securing a court order for that purpose, he was precluded from moving to strike the bill from the files on the ground that the trial court was without jurisdiction to settle it because not presented within time.

Same—Bill of Exceptions—Power of Court to Settle Outside of County in Which Cause Tried.

3.   *Quaere:* May a district judge under the provisions of Chapter 53, Laws of 1923, declaring the jurisdiction of district judges in certain judicial matters coextensive with the state, settle a bill of exceptions outside of the county in which the cause was tried?

Same—Signing of Bill of Exceptions not Part of Settlement.

4.   The signing of a bill of exceptions is not a part of its settlement; therefore where a bill was actually settled in the county in which the cause was tried by a judge called in from another district, the fact that the bill, not then ready to be signed, was later transmitted to him and signed in the county of his residence, did not render the bill subject to a motion to strike from the files; if the action was irregular, failure of the judge to follow the law cannot defeat the rights of appellant.

Fraudulent Conveyances—What Creditor must Show.

5.   Under sections 8603, 8605 and 8606, Revised Codes of 1921, a creditor seeking to set aside a transfer as fraudulent must allege and prove that the debtor was insolvent at the time he made the conveyance and that he had no other property out of which his claim could be satisfied or enforced by legal process.

Same—Consideration—Natural Love and Affection Insufficient.

6.   A transfer made in consideration of natural love and affection must be treated as voluntary, and if made on the eve of entry of judgment against the grantor and by the transfer the only property of the latter is put out of reach of the creditor, it is fraudulent and void.

Appeal and Error—Cross-assignments of Error—Power of Supreme Court Under Statute.

7.   Under section 9751, Revised Codes, authorizing review of cross-assignments of error made by the successful party, the supreme court will affirm the judgment if error committed against the appellant is compensated by that committed against respondent.

Trial—Testimony—Court not Bound by Mere Swearing.

8.   A court is not bound by the testimony of a witness simply because it is given under oath, only creditable swearing concluding its judgment.

Fraudulent Conveyances—Insolvent Debtor may Pay One Creditor in Preference to Another.

9.   The rule declared by section 8601, Revised Codes of 1921, that a debtor may pay one creditor in preference to another, provided that

---

5.   Necessary averments of pleadings attacking conveyance as fraudulent, see note in 20 Am. Dec. 315.

6.   Voluntary transfers as fraud on creditors, see notes in 7 Am. Dec. 362; 14 Am. Dec. 703; 28 Am. Rep. 721; 14 Am. St. Rep. 739; 110 Am. St. Rep. 556. See, also, 12 R. C. L. 592–597.

9.   See 12 R. C. L. 576.

[75 Mont. 99.]

other be not a preferred creditor, applies to an insolvent debtor as well as to solvent one, and under it an insolvent debtor may transfer property in payment of a debt justly due though he knows that the effect of the transaction will be to defeat another in the collection of his debt.

Same — Transactions Between Near Relatives — Relationship not Alone Badge of Fraud.

10. Though transfers of property between near relatives are subject to the most rigid scrutiny, the fact that such relationship exists between the grantor and grantee is not of itself a badge of fraud.

Same—Conveyance by Debtor to Third Party by Direction of Creditor Held not Fraudulent.

11. Under section 7327, Revised Codes of 1921, declaring that where a creditor directs his debtor to perform his obligation in a particular manner and it is so performed, the obligation is extinguished even though the creditor does not receive any benefit therefrom, and other sections, *held* that where a creditor directed his debtor (his niece) to transfer property to her daughters in payment of the debt without consideration moving from them to him and the transfer was made, a finding that it was based on the consideration of natural love and affection only was erroneous, the consideration having been the extinguishment of the debt due from the grantor to her creditor.

Accord and Satisfaction—Definition.

12. "Accord and satisfaction" means the substitution of a new agreement in satisfaction of an obligation, different from the original rights existing under an antecedent liability.

Appeal and Error—Correct Result—Wrong Reason—Affirmance.

13. Where a correct result was reached by a judgment it will be affirmed even though arrived at on a wrong theory.

---

[1] Courts, 15 C. J., sec. 101, p. 802, n. 6. Stipulations, 36 Cyc., p. 1285, n. 35, 36a.

[2] Appeal and Error, 4 C. J., sec. 1899, p. 288, n. 68. Stipulations, 36 Cyc., p. 1291, n. 62.

[3] Appeal and Error, 4 C. J., sec. 1858, p. 251, n. 53.

[4] Appeal and Error, 4 C. J., sec. 1853, p. 247, n. 16, 17 New.

[5] Fraudulent Conveyances, 27 C. J., sec. 674, p. 770, n. 64.

[6] Fraudulent Conveyances, 27 C. J., sec. 164, p. 500, n. 32; sec. 206, p. 527, n. 44, 45.

[7] Appeal and Error, 4 C. J., sec. 3130, p. 1136, n. 36. Deeds, 18 C. J., sec. 499, p. 421, n. 71, 74.

[8] Witnesses, 40 Cyc., p. 1945, n. 32.

[9] Fraudulent Conveyances, 27 C. J., sec. 365, p. 617, n. 8; sec. 395, p. 634, n. 67, 68, 69.

[10] Fraudulent Conveyances, 27 C. J., sec. 153, p. 495, n. 58.

[11] Deeds, 18 C. J., sec. 43, p. 164, n. 89 New. Fraudulent Conveyances, 27 C. J., sec. 227, p. 535, n. 45; sec. 363, p. 617, n. 97.

[12] Accord and Satisfaction, 1 C. J., sec. 1, p. 523, n. 1.

[13] Appeal and Error, 4 C. J., sec. 2557, p. 663, n. 92.

10. Transactions between relatives as fraud on creditors, see note in 32 L. R. A. 67.

Preference of relative by transfer of property in satisfaction of debt, see note in 36 L. R. A. 341. See, also, 12 R. C. L. 588.

12. Law of accord and satisfaction, see note in 100 Am. St. Rep. 390.

*Appeal from District Court, Gallatin County, in the Ninth Judicial District; George B. Winston, Judge of the Third District, presiding.* 

ACTION by Mary Barbara Hale and others against the Belgrade Company, Limited, the Farmers' Bank of Belgrade, and others. From a decree for plaintiffs, defendant bank appeals. Affirmed.

*Mr. George Y. Patten,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. Walter Aitken,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE` MATTHEWS delivered the opinion of the court.

The complaint herein is in the usual form in an action to quiet title in plaintiffs to certain real estate described; it is therein alleged that each of the defendants claims some interest in the property adverse to plaintiffs, but that such claims are "without right." The plaintiffs were, at the time of the commencement of the action, minors, and therefore appeared by guardian *ad litem.*

The Belgrade Company, Limited, demurred to the complaint, but, on the demurrer being overruled, failed to plead further, and its default was duly entered. The Farmers' Bank of Belgrade, by affirmative allegations in its answer, claimed a lien upon the property described in the complaint, by reason of a deficiency judgment entered October 20, 1922, in a foreclosure proceeding against other property of its judgment debtors, W. J. Hale and Rose L. Hale, parents of the plaintiffs, and further alleged that the deed under which plaintiffs claim title, and which was executed on October 18, 1922, by Rose L. Hale, was without considera-

tion moving from plaintiffs and was wholly voluntary, sham and fictitious, and was given for the purpose of concealing the property of the said Rose L. Hale and to hinder, delay and defraud this defendant and her other creditors.

The cause was tried to the court without a jury, and resulted in a judgment and decree quieting title to the property in the plaintiffs, and from this judgment the defendant Farmers' Bank of Belgrade has appealed.

Counsel for plaintiffs has filed herein a motion to strike from the transcript on appeal the bill of exceptions contained therein, upon the grounds: (1) That, as the time for the preparation and presentation of the bill was extended by stipulation and not by order of court, the court was without jurisdiction to settle the bill. (2) That the bill was settled without the county in which the trial was had.

[1, 2]

1. In support of the first ground stated, counsel cites *O'Donnell* v. *City of Butte,* 72 Mont. 449, 235 Pac. 707. In that case this court held that "on the expiration of the time allowed by statute (whether original or extended) the court loses jurisdiction to settle or sign the bill," and that a bill "presented, settled, and signed after the expiration of the time * * * is a nullity, and cannot be considered on an appeal, * * * even though counsel should, by consent or written stipulation filed in the appellate court, agree that it shall be considered." Counsel asserts that, while he does not withdraw from his stipulation, the latter clause of the above quotation prohibits counsel from stipulating for an extension of time. The situation here presented, however, differs materially from that shown in the record in the *O'Donnell Case.* Here it is admitted that the stipulation for extension of time was entered into and filed *before* the expiration of the statutory time, while the declaration found in the *O'Donnell Case,* relied upon by counsel, was

made with references to, and applies only to, a reinvestiture. of jurisdiction *after* the trial court had lost jurisdiction.

Stipulations are recognized by courts generally, and may govern in procedural matters so long as counsel do not thereby attempt to confer jurisdiction where none exists, or where jurisdiction has theretofore been lost, or to determine thereby questions of law or the validity of statutory provisions, or to affect rights other than those existing between the parties to the suit in which the stipulation is filed; they may go so far as to waive statutory provisions or irregularities.    (36 Cyc. 1285.)

Nothing said in the *O'Donnell Case* indicates that counsel may not, while the court still retains jurisdiction, waive the necessity of securing a court order for further time, and, having done so, the plaintiffs will not be heard to question the sufficiency of the bill, settled and allowed pursuant to the stipulation entered into on their behalf.

2. The contention that the bill of exceptions was not set-
[3] tled within the jurisdiction in which the case arose and the trial was had is not borne out by the record; therefore we are not called upon to determine whether, under the provisions of Chapter 53, Laws of 1923, declaring the jurisdiction of district judges in certain judicial matters coextensive with the state of Montana, a bill of exceptions may be settled outside of the county in which the cause was tried.

Section 9390, Revised Codes of 1921, provides the steps
[4] to be taken in the settlement of a bill of exceptions, among which are that the "judge must designate the time and place at which he will settle the bill" and that "at the time designated, the judge must *settle* the bill." After prescribing the manner of settlement, the section declares that, "when settled, the bill must be signed by the judge or referee with his certificate to the effect that the same is allowed, and shall then be filed with the clerk."

The record discloses that all necessary steps were taken as directed by the statute; that there were two bills of exceptions presented in the case and amendments thereto filed, and that, on the day designated, the judge who tried the case sat in open court in Gallatin county, counsel for plaintiff and defendant being present, and settled the bills of exceptions, determined what should be included therein, and passed upon the amendments offered. He then directed that the two bills be incorporated in one, with the amendments. This clerical work requiring time, the judge returned to his home in Anaconda where, a few days later, on receipt of the bill in the form in which it was settled, he signed the bill and attached thereto his certificate as required. Thus it appears that the judicial function was performed within Gallatin county; no rights were lost by plaintiffs by this procedure, and the bill as settled and signed was exactly what it would have been had it been in shape for signature of the judge at the time it was settled.

The signing was no part of the settlement of the bill, and the certificate was merely evidence of what was done at the time of the settlement. Mr. Justice Holloway, speaking for the court in *State ex rel. Lindsey* v. *Ayers,* 52 Mont. 62, 155 Pac. 276, said: ''The legal distinction between settling and signing a bill of exceptions has been adverted to frequently. (*Montana L. & P. Co.* v. *Howard,* 10 Mont. 296, 25 Pac. 1024.) By 'settlement' is meant the elimination of all unnecessary matter and the incorporation of all matter necessary to present the exceptions as briefly as possible.''

The statute requires only that the bill shall be settled at the time and place designated. It then requires that the bill, as settled, be signed by the judge and his certificate attached thereto, which action shall follow as soon after the bill is settled as possible; but these are acts over which the party presenting the bill has no control, and a failure on the part of the court to follow the statute cannot defeat the rights of

such party. A note to *Cincinnati Traction Co.* v. *Ruthman,*
85 Ohio St. 62, 96 N. E. 1019, found in Ann. Cas. 1913A, 914,
and citing many authorities, reads: "It has been stated as a
general proposition of law that, where an individual in the
prosecution of a right does everything which the law requires
him to do, and he fails to attain his right by the misconduct
or neglect of a public officer, the law will protect him.   *   *   *
It is by virtue of this principle that it is held that, where a
bill of exceptions is presented to the judge for his signature,
within the time required by law, and [he] neglects to sign
[it],   *   *   *   the bill of exceptions will not be rendered
invalid, and the signing of the same *nunc pro tunc* is proper."

Even though the action of the judge was irregular—which
we do not hold it to be, under the above authorities—such
action does not warrant the action sought, and the motion to
strike is therefore denied.

3. Reverting to the question presented by the appeal. The
record contains no substantial conflict in the evidence. The
plaintiffs introduced documentary evidence of title in Rose L.
Hale on October 18, 1922, and transfer on that day to plain-
tiffs, and rested their case. The defendant then proved its
deficiency judgment, the issuance of execution thereunder
and levy upon and sale of "all the right, title and interest
of" W. J. Hale and Rose L. Hale in and to the property
in controversy, to defendant, and the subsequent issuance to
it of a sheriff's deed therefor. For the purpose of proving
its allegations concerning the transfer, it relied upon the
testimony of Rose L. Hale. The facts brought out in her
examination and cross-examination are substantially as fol-
lows:

W. J. Hale and Rose L. Hale acquired this property in
1912; the consideration therefor being $19,500. Of this amount
they secured $7,000 from one H. J. Stevens, an uncle of Rose
L. Hale, who lived with the Hales for years, giving no security
therefor; $11,000 was evidently secured from the Drake-Ballard

Company, and a mortgage given on the property for the payment thereof. Thereafter W. J., Hale and Rose L. Hale borrowed money from time to time for the payment of interest on the Drake-Ballard mortgage, for taxes on the property, and for other purposes, from Stevens, without giving to him any security for its repayment. In 1920 W. J. Hale quitclaimed his interest in the property to Rose L. Hale.

In October, 1922, the Hales were indebted to Stevens, on unsecured notes and claims, in excess of $14,000. Stevens, who was then old, sick and believed to be on his death-bed, demanded payment or security, but the Hales were without money or property other than this land and its appurtenances. Rose L. Hale offered to deed the property to him, subject to the Drake-Ballard mortgage, but Stevens stated that, as he was about to die, he did not want the property. He then offered to cancel the entire indebtedness if Rose L. Hale would so deed the property to his three nieces, these plaintiffs, stating that he would thus be enabled to fulfill his promises to leave them something at his death. This Rose L. Hale agreed to do; whereupon Stevens told her she could get the notes from the bank and destroy them on executing the deed. Mrs. Hale, under this authority, secured the notes, took them to the office of Walter Aitken in Bozeman, and there executed and delivered the deed as agreed, two days prior to the entry of defendant's deficiency judgment. She did not, however, destroy the notes, but left them with Mr. Aitken, who produced them at the trial. She testified that the deed was executed and delivered for the purposes recited and with no intention of defrauding defendant.

Before the death of Stevens, his deposition "to perpetuate testimony" was taken and was on file in the case at the time of trial. Had there been any question as to the version given of the transaction by Mrs. Hale, the deposition could have been produced, but, as it was not introduced in evidence, we

108    HALE ET AL. *v.* BELGRADE CO., LTD., ET AL.    [Dec. T. '25.

[75 Mont. 99.]

assume that it would have corroborated rather than controverted her testimony.

During the examination of Mrs. Hale, defendant asked leave to amend its answer by alleging that at the time of the conveyance both W. J. Hale and Rose L. Hale were insolvent and had no other property out of which defendant's deficiency judgment could have been satisfied. The court agreed to grant the request on terms, whereupon it was withdrawn. Thereafter the defendant proved, over the objection of plaintiffs, that at the time she conveyed the property, Rose L. Hale was insolvent and had no other property out of which defendant could have satisfied its deficiency judgment, and, without objection, made like proof as to W. J. Hale.

In its decision, the court found that, by deed duly executed and delivered on the eighteenth day of October, 1922, Rose L. Hale, then the owner thereof, conveyed the property in question to the plaintiffs, her minor daughters; that at said time the "plaintiffs paid to the said Rose L. Hale no money or other valuable consideration therefor, and the said deed was executed and delivered by the said Rose L. Hale to the plaintiffs herein in consideration of love and affection, and for no other consideration"; that at said time "the said Rose L. Hale was largely indebted and, among others, was indebted to the defendant the Belgrade Company, Limited, a corporation, and also to the defendant Farmers' Bank of Belgrade, on the demand for which the deficiency judgment mentioned in these findings and in the answer of the Farmers' Bank of Belgrade, was made and given." No further finding was made as to the financial standing or property holdings of the grantor.

Both the plaintiffs and the defendant filed written objections to the findings of fact and conclusions of law as filed. The defendant contended that the court should have found that both Rose L. Hale and W. J. Hale were insolvent and had no other property out of which its deficiency judgment could

be satisfied, and that, with this finding made, a finding that the deed was fraudulent and void would have necessarily followed. The plaintiffs attacked the finding that the deed was made in consideration of love and affection alone, and insisted that, on the testimony regarding the Stevens indebtedness, the court should have found that the conveyance was made for a good and sufficient consideration. The court by separate orders overruled the objections of both plaintiffs and defendant.

Defendant's specifications of error challenge the judgment upon the ground that the court should have allowed the amendment of its answer and, upon the pleadings as amended and the proof adduced, found as indicated in its objections to the findings.

Section 8603, Revised Codes of 1921, provides that "every transfer of property * * * with the intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor." But section 8605 declares that "a creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation." And section 8606 declares that "the question of fraudulent intent is one of fact and not of law." Under these provisions it becomes necessary for the party seeking to invalidate a transfer to allege and prove that the debtor was, at the time the conveyance was made, insolvent and that the debtor had no other property out of which his claim could be satisfied or enforced by legal process. (*Security State Bank* v. *McIntyre,* 71 Mont. 186, 228 Pac. 618.)

Counsel for defendant contends that the allegations of its answer sufficiently alleged insolvency to warrant the introduction of the evidence thereof, that the evidence established the fact of insolvency, and that the court should have permitted an amendment of the answer to conform to the proof and there-

upon should have included a finding in conformity therewith in its findings of fact.

For reasons hereinafter stated, it is not necessary to go fully into the question of the sufficiency of the answer in this respect, but for the purpose of this discussion only we will assume that counsel is correct in the position taken, and consider the evidence as properly admitted under a sufficient pleading.

A conveyance made in consideration of natural love and [6] affection alone is to be treated merely as voluntary. (*Security State Bank* v. *McIntyre, supra.*) We would have then, under the proof adduced, conceding the allegation and proof of insolvency, a case where an insolvent debtor, on the eve of the entry of judgment against her, transferred to near of kin, by a mere voluntary conveyance, the only property out of which the judgment creditor could, on securing its judgment, collect such judgment. Such a decision on the part of the trial court would warrant but one judgment—i. e., that the conveyance was fraudulent and void (*Security State Bank* v. *McIntyre, supra; Hart-Parr Co.* v. *Schafer,* 73 Mont. 429, 236 Pac. 675)—and, if it appeared from the record that the trial court was justified in making findings as suggested on each of the several elements involved in the above statement, the record would compel a reversal of the judgment.

4. However, the plaintiffs have made cross-assignments of [7] error based on the finding that the conveyance was made in consideration of love and affection and was without other consideration, and, if the record discloses that error was committed in this respect, and that, except for such error, the plaintiffs would be entitled to prevail, regardless of the proof of insolvency, the error committed against the appellant is compensated by that committed against the respondents and the judgment must be affirmed. (*State ex rel. La France Copper Co.* v. *District Court,* 40 Mont. 206, 103 Pac. 721; *In re Murphy's Estate,* 43 Mont. 353, Ann. Cas. 1912C, 380, 116 Pac. 1004.)

Section 9394, Revised Codes of 1921, provides: "Hereafter all district courts and judges, on settlement and allowance of any bill of exceptions at any stage of the trial of a cause, shall, upon demand of either party, or, in the discretion of said court or judge upon its or his own motion, incorporate into such bill of exceptions all rulings, or orders, or proceedings made in the cause against either of the parties, affecting the substantial rights of either, together with the objections and exceptions thereto properly made and reserved, and the same shall be settled and allowed as a part of such bill." Section 9751 then directs that: "Whenever the record on appeal shall contain a bill of exceptions or statement of the case properly settled, setting forth any order, ruling or proceeding of the trial court against the respondent, affecting his substantial rights on the appeal of said cause, together with the objection and exception of such respondent properly made, and reserved, settled and allowed in such bill of exceptions or statement, the supreme court on such appeal shall consider such orders, rulings, or proceedings, and the objections and exceptions thereto, and shall reverse or affirm the cause on said appeal according to the substantial rights of the respective parties, as shown upon the record. And no cause shall be reversed upon appeal by reason of any error committed by the trial court against the appellant, where the record shows that the same result would have been attained had such trial court not committed an error or errors against the respondent."

Counsel for plaintiffs has, by his cross-specifications of error, brought his case squarely within the provisions of the above sections. (See *Cook* v. *MacGinniss,* 72 Mont. 280, 233 Pac. 129.)

The presumption is that there was a good and sufficient consideration for the deed. (Sec. 10606, subd. 39, Rev. Codes 1921.) The plaintiffs were under no obligation to show the actual consideration, as the burden rested upon defendant to

show a want of consideration sufficient to support the instrument. (Sec. 7513, *Id.*)

The testimony of Rose L. Hale,, as a witness for the defendant, respecting her indebtedness to and agreement with her uncle, M. J. Stevens, stands uncontradicted and unimpeached in the record; there is nothing in the court's findings to indicate that the presiding judge did not believe that she was, in this connection, telling the truth. This testimony did not differ in its nature from the remainder of her testimony, on which the court, in fact, made its findings, and, while this [8] court has heretofore said, "It is a wild conceit that any court of justice is bound by mere swearing; it is swearing credibility that is to conclude its judgment" (*Casey* v. *Northern Pac. Ry. Co.*, 60 Mont. 56, 198 Pac. 141), since the court did credit the testimony of this witness in other matters, there is no reason to presume that it did not credit her testimony on this subject. This undisputed evidence should have been considered by the court and a finding made thereon, as the consideration of "love and affection" found by the court was not sufficient to support the judgment.

In this state "a debtor may pay one creditor in preference [9] to another, or may give one creditor security for the payment of his demand in preference to another" (sec. 8601, Rev. Codes 1921), provided, of course, the creditor thus discriminated against is not a preferred creditor (*Aetna Acc. & L. Co.* v. *Miller*, 54 Mont. 377, L. R. A. 1918C, 954, 170 Pac. 760). This court has never been called upon to declare that the above provision applies to a transfer of property by an insolvent debtor, but the section is sufficiently broad to include all debtors, and in California, where they have the identical statute (sec. 3432, Civ. Code of California), it has been repeatedly held that the provision applies equally to solvent and insolvent debtors, the court declaring that: "A conveyance, giving such preference, is not fraudulent, though the debtor be insolvent, and the creditor aware, at the time, that it will

have the effect of defeating the collection of other debts."
(*Heath* v. *Wilson,* 139 Cal. 362, 73 Pac. 182, and cases cited therein.)

The rule is announced in Corpus Juris as follows: "An actual preference of a valid debt is not rendered fraudulent by the fact that it was made and accepted with the intent to defeat a judgment or execution against the debtor. The fact that a transfer is made by an insolvent debtor on the eve of rendition of judgments against him is at most a badge of fraud; and when it appears that the transfer is a sale to a creditor in payment of a debt admitted to be justly due, and for a full and fair price, and that the debt is thereby discharged, all presumption of fraud arising from pendency of the suit is thereby removed." (27 C. J. 634.)

While transactions between near relatives are subject to the [10] most rigid scrutiny, the fact that such relationship exists between the grantor and grantee, is not itself a "badge of fraud." (12 R. C. L. 637; *Noyes* v. *Ross,* 23 Mont. 425, 75 Am. St. Rep. 543, 47 L. R. A. 400, 59 Pac. 367; *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46; *Security State Bank* v. *McIntyre,* above; *Hart-Parr Co.* v. *Schafer,* above.)

This defendant was not in the position of a creditor under the Bankruptcy Act (U. S. Comp. Stats., secs. 9585–9656), seeking to have a conveyance set aside that *all* creditors might share in the proceeds of a debtor's property, but is seeking the aid of a court of equity to enable it to secure the satisfaction of its debt at the expense of one who, by his foresight and industry, has first secured an advantage. If, therefore, the transfer had been made directly to Stevens, there is no question but that such conveyance would be held valid as against the attack made upon it by the defendant.

Does the fact that Stevens, by the cancellation of the debtor's [11] obligations to him, secured the transfer of property to third persons, without consideration moving from them to the debtor, render the transaction invalid? The question can only

be answered in the negative. While an obligation to pay money is ordinarily extinguished by payment of the amount due to the creditor (secs. 7424 and 7429, Rev. Codes 1921), "if a creditor * * * at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance" (sec. 7427, *Id.*).

In addition to the statute quoted, not only the statute defining a "good consideration," but the provisions treating the subject of "accord and satisfaction" sanction a conveyance to a third party in satisfaction of an obligation; that is to say: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Sec. 7503, Rev. Codes, 1921.) "An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled." (Sec. 7456, *Id.*) And "acceptance by the creditor of the consideration of an accord extinguishes the obligation, and is called satisfaction." (Sec. 7458, *Id.*) "The phrase 'accord and satisfaction' as generally known and applied in the law and under [12] the definitions of our statute means the substitution of a new agreement in satisfaction of an obligation, different from the original rights existing under an antecedent liability." (*Nelson* v. *Young,* 70 Mont. 112, 224 Pac. 237.)

While Rose L. Hale was not bound, under her original obligation, to part with title to the property, and Stevens was not bound to accept in satisfaction thereof anything other than payment of the full amount, with these original rights in mind Stevens agreed to accept, in lieu of the payment to which he was entitled, a conveyance of this property to the

plaintiffs in extinction of the obligation of the grantor to him, and Rose L. Hale thereupon parted with title to her property in consideration of that extinction of the obligation, which consideration was accepted by Stevens, the creditor, in full satisfaction of his demands.

It appears from the record that the amount of Stevens' claim was not disproportionate to the market value of the land subject to the Drake-Ballard mortgage, and therefore the court erred in finding that the property was conveyed for no other consideration than love and affection; it should have found that the conveyance was made for a valuable and adequate consideration. On such finding being made, the plaintiffs would be entitled to the judgment as made and entered, regardless of whether the grantor was, at the time of the transfer, solvent or insolvent, or whether she, at the time, had any other property out of which the defendant could have satisfied its deficiency judgment, and therefore, if error was committed with respect to the subject of insolvency, such error was compensated by the error committed against the plaintiffs on the subject of consideration.

5. The decree entered is supported and justified by the evidence, and is sufficient, without modification; it is therefore immaterial what reasons were assigned for the conclusion reached, or that the result was arrived at on a wrong theory. (*Lee* v. *Laughery,* 55 Mont. 238, 175 Pac. 873; *Lowry* v. *Carrier,* 55 Mont. 392, 177 Pac. 756; *Minneapolis Machinery Co.* v. *Thomas,* 54 Mont. 132, 168 Pac. 40; *State* v. *Rocky Mt. Elevator Co.,* 52 Mont. 487, 158 Pac. 818.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.