No. 85-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

KAY HUNT,

        Plaintiff and Respondent,

  -vs-

HAROLD RALPH HUNT,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        A. L. Craddock, Red Lodge, Montana

    For Respondent:

        James P. Murphy, Billings, Montana

---

Submitted on Briefs: Aug. 22, 1985

Decided: December 18, 1985

Filed: DEC 18 1985

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Yellowstone County District Court held that Harold Ralph Hunt (husband) owed Kay Hunt (wife) $24,064.03, which arose out of an obligation under a property settlement agreement and divorce decree entered in 1981. Husband appeals. We affirm.

The issues are:

1. Did the District Court err in concluding that the original debt of $10,000 in connection with the motel purchase was not satisfied by the transfer of the house by the husband to the McCartys?

2. Did the District Court err in concluding that the payment of $15,000 by the wife to the McCartys was reasonable and that the payment of $15,000 was legally owed by the husband?

3. Did the District Court err in concluding that the second mortgage on the house was the husband's obligation, and that the wife paid $11,255.63 to satisfy that obligation?

4. Did the District Court err in granting the wife a credit for material and labor for remodeling the house?

5. Did the District Court err in awarding the wife $24,064.03?

Kay and Ralph Hunt were divorced in October 1981. During their marriage, the parties purchased a house subject to a purchase money trust indenture. They also purchased by separate contracts for deed a motel property and a rural building lot (Fox property). Under the motel contract for deed, a payment of $10,000 was due to the McCartys, the sellers of the motel. Under the divorce property settlement agreement, the wife was awarded the motel property and the

husband was awarded the house and the Fox property. The parties receiving the properties were to assume the outstanding debts, with the exception that the $10,000 due to the McCartys on the motel property was to be paid by the husband. When he was unable to pay the $10,000 due, he quitclaimed to the McCartys his interest in the house. McCartys reserved the right to a deficiency judgment should the house sell for less than the debt. The husband testified that he considered the obligation due McCartys to have been satisfied in full by the transfer.

In October 1983, the wife sold the motel property. Prior to the sale, she was required to obtain the McCartys' consent to the sale. She testified the McCartys would not give their consent to the sale of the motel property without payment in cash. The wife asked the husband to pay the amount demanded by the McCartys. He did not do so because he claimed the original obligation was satisfied. As a result, the wife negotiated an arrangement with McCartys to pay them $15,000 in two installments from the proceeds of the motel sale. Their agreement specified that the payment of $15,000 represented the balance due under the original contract for deed of $10,000 plus interest and costs.

As a part of the settlement, McCartys deeded the house to the wife. After completion of the motel sale, the wife moved into the house and improved the house to make it more marketable. In February 1984, the wife sold the house. Prior to the sale, Kay Hunt paid Household Finance $563. From the proceeds of the sale, she paid the second mortgage on the house in the sum of $10,692.63. The second mortgage was originally made in connection with the purchase of the Fox property.

3

The District Court concluded that the husband was obligated to pay the $10,000 plus interest under the property settlement agreement; that the debt was not satisfied by his transfer of the house to the McCartys; that the wife's payment of $15,000 to the McCartys was a reasonable sum and that that payment was legally owed by the husband; that because the house was Ralph's, the second mortgage was the obligation of the husband; and that the wife's payment of the second mortgage was the payment of an obligation owed by the husband. The court concluded that the husband owed the wife $24,064.03. The husband appeals.

I

Did the District Court err in concluding that the original debt of $10,000 in connection with the motel purchase was not satisfied by the transfer of the house by the husband to the McCartys?

Both parties agreed that the husband originally owed the McCartys $10,000. When Ralph was unable to pay that obligation, he agreed to quitclaim the house to the McCartys. He also agreed that if a deficiency resulted from the sale, the McCartys could proceed against him for a deficiency judgment.

The husband argues that the transfer of the house amounted to an accord and satisfaction. He cites Hale v. Belgrade Co. (1925), 75 Mont. 99, 242 P. 425. In Hale, the Court concluded that the conveyance of the real property was full consideration for the antecedent debt and was unconditionally accepted as a full satisfaction of the debt with nothing remaining to be done. That case is clearly distinguishable from the present case because the husband agreed with the McCartys in writing that if there was a

4

deficiency after the house sale, he remained responsible for the deficiency. It is clear that the agreement did not constitute an accord as defined in § 28-1-1401, MCA.

We conclude there is substantial evidence to support the factual determination by the court that the original debt owing to the McCartys was not satisfied by the husband's transfer of the house to them.

II

Did the District Court err in concluding that the payment of $15,000 by the wife to the McCartys was reasonable and that the payment of $15,000 was legally owed by the husband?

The husband attempts to argue that the wife's payment of $15,000 to the McCartys was not a reasonable sum. There is substantial evidence in the record to support the District Court's conclusion that the $15,000 was a reasonable sum in settlement of the total balance due.

The husband attempts to reargue that the $15,000 was not actually his obligation because the transfer of the house was in full satisfaction of his obligation owing to the McCartys. There is substantial evidence in the record to support the District Court's conclusion that the $15,000 was an obligation legally owed by the husband.

We affirm these conclusions of the District Court.

III

Did the District Court err in concluding that the second mortgage on the house was the husband's obligation and that the wife in fact paid $11,255.63 to satisfy that obligation?

Ralph argues that under the terms of the dissolution decree, the house became his and all interest on the part of

5

the wife terminated. He further argues that when he conveyed the house to the McCartys, it then became the McCartys' house and his interest and obligations were terminated. In turn, when the wife accepted a deed from the McCartys, he no longer had any legal interest in the house and therefore should not be required to make any payments in connection with the house.

The District Court found that the wife asked the husband to pay the debt owing to the McCartys, but he did not do so because he considered the obligation to have been satisfied. The District Court further found that the McCartys did not want the house and transferred it to the wife in connection with the settlement of the amount due to them. The District Court correctly concluded that the house was the husband's property under the divorce and property settlement agreement, and that the obligation owing on the second mortgage was the husband's obligation.

The husband then argues that the wife did not pay the second mortgage but only allowed it to be paid through the sale proceeds. Again the District Court correctly concluded that the effect of the sale was to pay $11,255.63 to satisfy the second mortgage, which was an obligation owed by the husband under terms of the dissolution decree. We affirm the determination of the District Court in this regard.

IV

Did the District Court err in granting the wife a credit for material and labor for remodeling the house?

The record contains substantial evidence to support the conclusion by the District Court that the wife should receive credit for the amount of material and labor which she

6

expended for the remodeling of the house. We affirm the conclusion of the District Court.

V

Did the District Court err in awarding the wife $24,064.03?

In arguing against the judgment, the husband restates the same arguments previously considered. The record contains substantial evidence to support the District Court. The wife concedes there was one error in computation. The District Court improperly included $328.97 in the $24,064.03 judgment. We therefore instruct the District Court to reduce the judgment by $328.97.

The case is remanded to the District Court with instructions to enter an amended judgment for the wife in the amount of $23,735.06.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

7